SIMMONS, administrator, *v.* CRUMBLEY.

Where the property left by one deceased was personalty of a perishable nature, amounting in all to about $700, and the administrator procured from the ordinary an order for sale of the same, which would take place before the next term of the court of ordinary, a court of equity had jurisdiction, in behalf of the minor children of the deceased, to restrain such sale by injunction until their right to have a year's support set apart from the property could be settled. The ordinary could have revoked his order of sale only in term; and it might be beneficial that the year's support should be set apart from the property itself instead of from its proceeds.

SIMMONS, J., not presiding, because disqualified.

March 1, 1890.

Injunction. Year's support. Jurisdiction. Before Judge GUERRY. Lee county. At chambers, November 26, 1889.

Reported in the decision.

J. F. WATSON and G. W. WARWICK, for plaintiff in error, cited Code, §§331, 3144; 54 *Ga.* 87, 467; 52 *Ga.* 153; 53 *Ga.* 302; 24 *Ga.* 558; 47 *Ga.* 195; 68 *Ga.* 735.

No appearance *contra.*

BLANDFORD, Justice.

Crumbley presented his petition, as next friend, alleging that his father died leaving certain property, amounting in all to about $700, the same being personal property and of a perishable nature. He alleged further that his father, at the time of his death, left several minor children, who were entitled to a twelve months' support out of the estate of the intestate; that the plaintiff in error had administered upon the estate, and had procured an order from the ordinary of the county for the sale of the property, which sale was to take place on the 15th of November after the bill was filed; that these minor children were entitled to a twelve months' support out of said estate; and petitioner prayed that an injunction should issue to prevent the sale of the property until the twelve months' support could be set aside. The court granted the injunction, to which decision the administrator excepted and alleges the same as error.

We do not think there was any error in granting this injunction. Under the code, §2571, it is provided that among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person, testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, upon the application of the guardian of the minor child or children, or any other person in their behalf, to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart to such minor child or children, either in property or money, a sufficiency from the estate for their support and maintenance for the space of twelve months. In this case, the property being personal and of a per-

ishable nature, the ordinary could have granted under the law a sale of the same upon ten days' notice, either in term or in vacation; and it is quite manifest that the sale of this property would have taken place before the next term of the court of ordinary. While it is true that the court of ordinary had the exclusive original jurisdiction to order such sale, and could have revoked said order of sale, yet we are satisfied that he could not have done so except in term; and as the sale would have occurred before the next term of the court at which a motion might have been made to revoke said order of sale, we think a court of equity had jurisdiction to intervene and restrain the sale, inasmuch as the law above quoted authorized the appraisers to make provision for the support of these minor children out of either the property of the estate or the money of the estate, in their discretion. If the sale had taken place, they would have had no such discretion, for then they could only have set aside a portion of the money arising from the sale of the property, and it might be beneficial that the property should be set aside to these minors as a twelve months' support. And while the court of ordinary has exclusive and original jurisdiction in cases of this sort, it does not oust a court of chancery of jurisdiction upon a proper case made, and we do not believe that the chancellor in this case abused his discretion in granting the injunction; and the same is

*Affirmed.*